UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PARISH OF ST. BERNARD | * | CIVIL ACTION |
| THROUGH THE ST. BERNARD | * | |
| PARISH GOVERNMENT | * | |
| | * | NO. 11-02350 |
| VERSUS | * | |
| | * | SECTION "K" |
| | * | |
| LAFARGE NORTH AMERICA, INC.; | * | MAG. 2 |
| DENNIS MILLON; EDWARD L. BUSCH; | * | |
| JENNIFER MILLER ARNOLD; NEW YORK | * | |
| MARINE AND GENERAL INSURANE COMPANY; | * | |
| AMERICAN HOME ASSURANCE COMPANY; | * | |
| and NORTHERN ASSURANCE COMPANY | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**OPPOSITION TO RULE 12(b)(6) MOTION TO DISMISS OF DEFENDANTS NEW YORK MARINE & GENERAL INSURANCE COMPANY, AMERICAN HOME ASSURANCE COMPANY, AND NORTHERN ASSURANCE COMPANY OF AMERICA (R.DOC.49)**

I.   PROCEDURAL POSTURE

Defendants New York Marine & General Insurance Company, American Home Assurance Company, and Northern Assurance Company of America, (collectively, "the moving Insurer Defendants"), providers of insurance to Defendant, Lafarge North America, Inc. ("LNA"), move to dismiss, pursuant to Federal Rule of Civil Procedure 12(b), the instant Petition for Damages filed against them by The Parish of Saint Bernard ("The Parish.")

The moving Insurer Defendants allege, *inter alia*, that The Parish's claims against them are time-barred either by statute or laches.  Further, the moving Insurer Defendants adopt and

1

incorporate the arguments LNA makes in support of its motion to dismiss (R. Doc. 9), which are essentially that the property damage sustained by The Parish caused by the breakaway of Barge ING 4727 ("Barge") and subsequent allisions with the Inner Harbor Navigation Canal ("IHNC") floodwall were not foreseeable and thus LNA owed no duty to The Parish to support a cause of action in negligence.[1]

The Parish respectfully suggests that submission and decision of the Motion to which this Opposition is directed be held in abeyance pending the outcome of The Parish's Motion to Remand.  Respectfully, if this matter is ripe for remand, it would be inappropriate to consider dismissal in this jurisdiction.

## II.    APPLICABLE LAW

It is well settled that in deciding a Federal Rule 12(b)(6) motion dismiss, a district court must take all "factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff."  (*Shuff v. Avior Shipping Inc.*, 200 F.3d 814 [5th Cir. 1999].) In this regard, to avoid dismissal, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 [2009] *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 [2007].) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (*Id.* at 1949.) Finally, the question is not whether a plaintiff will ultimately prevail, but whether it has stated that elements of its cause of action. (*see Skinner v. Switzer*, 131 S.Ct. 1289 [2011].) As noted by the Supreme Court, "Indeed it may appear on the face of the pleadings that

---

[1] Accordingly, The Parish hereby adopts and incorporates herein its arguments asserted in its Opposition to LNA's Motion to Dismiss. (R. Doc. 20)

2

a recovery is very remote and unlikely but that is not the test." (*Scheuer v. Rhodes*, 416 U.S. 232, 236 [1974].)

Construing all factual allegations contained in The Parish's Petition for Damages as true and resolving any doubts as to the sufficiency of the claim in favor of The Parish, it is abundantly clear that dismissal is inappropriate herein.

### III.   ARGUMENT

**A. Prescription is Not a Defense Available to the moving Insurer Defendants:**

Louisiana's Direct Action Statute, LSA-R.S. 22:1269, provides, in relevant part: "The injured person . . . shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido."

Critically, as noted by the Louisiana Supreme Court, "The direct action statute does not create an independent cause of action against the insurer, it merely grants a procedural right of action against the insurer where the plaintiff has a substantive cause of action against the insured." (*Descant v. Administrators of Tulane Educational Fund*, 639 So.2d 246, 249 [La. 1994].)  For this reason, concerning prescription, a liability insurer "stands in the shoes" of its insured.  (*see Noel v. State*, 284 So.2d 587 [La. 1973] *disapproving McDaniel v. Fireman's Fund Ins. Co.*, 211 So.2d 120 [La App. 1968].)  Consequently, concessions by the insured concerning prescription – or other substantive rights – are fully chargeable to the insurer.  (*Id.*; *see also Tucker v. Marquette Cas. Co.*, 138 So.2d 25 [La. App. 1 Cir. 1962].)

Here, it is undisputed that the instant action is timely as to LNA pursuant to the tolling agreement entered into by the parties.[2]  It is further beyond cavil that the action against the moving Insurer Defendants is not an independent cause of action, but rather a procedural right afforded to The Parish under the Direct Action Statute because The Parish has a substantive cause of action against the moving Insurer Defendants' insured, LNA.  (*see Descant v. Administrators of Tulane Educational Fund*, 639 So.2d 246 [La. 1994].)  As such the moving Insurer Defendants, by virtue of the Direct Action Statute, are attached, procedurally, to their insured LNA.  As prescription is not a defense asserted by LNA – nor could it be – such defense is not available to moving Insurer Defendants.  As such, the instant motion is without merit and must be denied.

B. **Alternatively, The Parish's Claims are Not Prescribed**:

Assuming, *arguendo*, that the defense of prescription was available to the moving Insurer Defendants – which it is not – the motion should nevertheless be denied.

As previously set forth, LNA does not assert The Parish's claims have prescribed. Nevertheless, the tolling agreement between the parties will be recounted herein.  On February 24, 2010, LNA entered in to a litigation tolling agreement with all 22,000 claimants (individuals or entities with claims or causes of action against LNA arising from the IHNC Floodwall Breach Injuries), including The Parish, whereby it was agreed that the tolling agreement would not terminate until 90 days after written notice by registered mail to all claimants.  The tolling agreement further provided that the elapsed period between the effective date of the agreement,

---

[2] Critically, agreements to suspend prescription are recognized by Louisiana Courts and have not been found to be in derogation of Civil Code article 3472.  (*see Bridges v. Mosaic Global Holdings Inc.*, 23 So.3d 305 [La. App. 1 Cir. 2008] *writ denied* 1 So.3d 496 [La. 2009].)

4

(February 24, 2010), and termination, (90 days after June 1, 2011, or August 31, 2011), shall not be counted in any period of time for applying any statute of limitations.[3]

The moving Insurer Defendants maintain that they are not bound the terms of the tolling agreement entered into by their insured.  Ignoring the fact that LNA does not allege prescription herein and that the moving Insurer Defendants are bound by their insured's actions (as previously discussed), the moving Insurer Defendants nevertheless argue that because they did not sign the tolling agreement and were not named in the tolling agreement, they should not be bound by the resulting interruption of prescription.[4]  In this context, the moving Insurer Defendants' reliance on *Resolution Trust Corp. v. Bonner* (848 F. Supp. 96 [S.D.Tex. 1994]), where the court held that the individual partners were not bound by the tolling agreement executed on behalf of the partnership, is inapposite.  Unlike in *Resolution*, here The Parish is not attempting to enforce a contract to which the Insurers are not a party.  Rather, The Parish contends that pursuant to the litigation tolling agreement, prescription has been suspended as to claims against LNA and that the moving Insurer Defendants, as solidary obligors of LNA, are subject to the same tolling effect.  Likewise, while the moving Insurer Defendants concede that the tolling agreement may indeed render the instant action timely as to LNA, they argue that this "does not revive plaintiff's already time-barred suit against Insurers.  *Rizer v. American Sur. And Fidelity Ins. Co.*, 669 So.2d 387, 391[La. 1996]."[5]  This conclusion is inapplicable to the case at bar.  Simply, the claims against the Insurer Defendants here were timely filed in conjunction with the claims against LNA, as solidary obligor.

---

[3] See Katrina Litigation Tolling Agreement and Notice of Termination, R.Doc. 1-22.

[4] See Memorandum in Support of Rule 12(b)(6) Motion for Dismissal, R.Doc. 49-1, p. 10.
[5] See Memorandum in Support of Rule 12(b)(6) Motion for Dismissal, R.Doc. 49-1, p. 11.

5

Critically, in this regard, as noted by the Fifth Circuit: "In Louisiana the insurer and the insured are joint and solidary obligors, and suit against one interrupts prescription against the other." (*McDermott v. Crown Zellerbach Corp.*, 418 F.2d 598, 602 [5th Cir. 1969]; *see also Andry v. Maryland Cas. Co.*, 244 F.Supp. 143, 145 [E.D. La. 1965]["[W]hen an insured in sued the interruption also applies to the cause of action against the insurer since in Louisiana there exists solidary liability on the part of the insurer"]; *Pearson v. Hartford Acc. & Indem. Co.,* 281 So.2d 724 [La. 1973]; *Hoefly v. Government Employees Insurance Co.,* 418 So.2d 575 [La. 1982].)

Likewise, former Louisiana Civil Code Art. 2097 provided: "A suit against one of the debtors in solido interrupts prescription with regard to all." The substance of Art. 2097 is now found in Articles 1799 and 3503. (*see Toomer v. A-1 Fence & Patio, Inc.*, 29 So.3d 609 [La. App. 1 Cir. 2009] *writ denied* 27 So.3d 302 [La. 2010].) Article 1799 provides: "The interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs"; and Article 3503 provides, in part: "When prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors."

Great guidance can be found in the First Circuit's opinion in *Levron v. Bonin* (448 So.2d 211 [La. App. 1 Cir. 1984].) In that case, plaintiff filed suit against defendant Bonin for injuries sustained by her husband. Plaintiff subsequently filed an amended petition against Marsh Equipment Company, Inc. ("Marsh"), her husband's employer. Thereafter, plaintiff submitted an *untimely* amended petition against "Swamp Buggies," another employer of her husband. Thereafter, again, plaintiff filed an additional *untimely* amended petition against American Mutual Liability Insurance Company ("American"), as the insurer of "Swamp Buggies" and/or Marsh. American asserted the defense of prescription, and the lower court granted dismissal. (*Id.*

at 213.) On appeal, plaintiff argued that her *untimely* amended petitions related back to the timely filed petition against Marsh because she alleged solidarity between 'Swamp Buggies," Marsh and American. In reversing the lower court, the Circuit Court held:

> "If American is, in fact, the insurer of Swamp Buggies, prescription was interrupted as to American by plaintiff's allegations of solidarity between Swamp Buggies and Marsh. Such is true due to the established principles that (1) a suit brought against one of the debtors in solido interrupts prescription as to all debtors, (2) insurers are solidarily bound with their insureds for actions arising out of their insured's acts, (3) one need only allege solidarity in his petition for an untimely petition to relate back to a timely filed petition, and (4) an action is commenced by the filing of suit; service and citation within the prescription period are unnecessary."

(*Id.* at 213 [Internal citations omitted].)

In the instant case, identical to the plaintiff in *Levron*, The Parish has alleged in its Petition solidarity between the moving Insurer Defendants and LNA. (See Petition, Rec. 1-1, *in passim*). As such, The Parish's allegedly untimely petition "relates back" to the interruption of prescription against LNA. As there is no dispute as to the timeliness of The Parish's petition as to LNA, there can be no dispute as to the timeliness of the Petition as to the moving Insurer Defendants. This important interplay between Article 2097 (now Articles 1799 and 3503) and Louisiana's Direct Action Statute, LSA-R.S. 22:1269, was explained by the First Circuit in *Levron*:

> "Herein, plaintiff filed a timely suit against Marsh. Prescription was, therefore, interrupted against Marsh and any other defendant properly sued and bound *in solido* with it. L.S.A.-C.C. art. 2097. Thereafter, an untimely amended petition was filed against Swamp Buggies, alleging that it was solidarily bound with Marsh. Due to this allegation of solidarity, we find that this amended petition relates back to the timely filing of suit against Marsh. See *Fontenot*, supra. Moreover, as prescription has not run against Swamp Buggies, L.S.A.-C.C. art. 2097, *a fortiori*, it has not run

against its insurer, American, L.S.A.-R.S. 22:655."

(*Id.* at 213.)

Pursuant to this framework, it is beyond cavil that the Insurer Defendants and LNA are solidary obligors and thus the instant claims against the moving Insurer Defendants are timely. Given the time afforded to The Parish to commence suit, based upon filing date(s) of class action suit(s) and amendments for which The Parish is a putative class member, added to the 90 days afforded when class certification is denied, together with the effects of the tolling agreement, it is clear that this action – filed on August 23, 2011 – is timely under both Louisiana and maritime law.  Since the claims against the moving Insurer Defendants, solidary obligors of LNA, are timely the instant motion seeking dismissal based upon statute of limitations should be denied.

C. **Laches is Inapplicable:**

Furthermore, any arguments raised in the instant motion regarding laches are similarly unconvincing and misguided.  Simply, the Doctrine of Laches does not apply to actions, like the instant one, brought pursuant to Louisiana State Law. (*see Goodman v. Lee*, 78 F.3d 1007 [5th Cir. 1996]; *see also Cormier v. Clemco Services Corp.*, 48 F.3d 179 [5th Cir. 1995]; *see also Picone v. Lyons*, 601 So.2d 1375 [La. 1992].) Indeed, as held by the Fifth Circuit Court of Appeal:

> "The trial court dismissed the action on the basis of laches. Laches, however, is a common law doctrine which does not prevail in Louisiana." *Picone v. Lyons,* 601 So.2d 1375, 1377 (La.1992).  In Louisiana, 'there is no prescription other than that established by legislation'. La.C.C. art. 3457; *Picone v. Lyons,* supra. Consequently, the trial judge erred in dismissing the action on the basis of laches."

(*Hendee Homes, Inc. v. Lee*, 614 So.2d 733, 735 [La. App. 5 Cir. 1993].)

8

Moreover, because The Parish's suit against LNA is timely, laches cannot serve as a basis for dismissal of the action against the moving Insurer Defendants. (*see Dubuclet v. St. Paul Fire and Marine Ins. Co.*, 647 So.2d 1344 [La. App. 4 Cir. 1994][Lower Court's dismissal based on laches reversed even though 13 years had passed since suit was originally brought against defendant].)

### IV.  CONCLUSION

Pursuant to Louisiana's Direct Action Statute, prescription is not a defense available to the moving Insurer Defendants. Alternatively, even if it were, The Parish's claims have not prescribed. For the foregoing reasons, the moving Insurer Defendants' motion should be denied in its entirety.

This 17th day of January 2012.

Respectfully submitted,

*/s/Brian A. Gilbert*
Brian A. Gilbert (21297)
**LAW OFFICE OF BRIAN A. GILBERT, P.L.C.**
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile: (504) 524-1024
E-mail: bgilbert@briangilbertlaw.com

*/s/ David M. Barshay*
David M. Barshay (PHV -NYS Bar No. 3018033)
**BAKER, SANDERS, BARSHAY, GROSSMAN, FASS, MUHLSTOCK AND NEUWIRTH, LLC**
100 Garden City Plaza, 5th Floor
Garden City, New York 11530
Telephone: 516-741-4799
Facsimile: 516-282-7852
Email: DBarshay@TheSandersFirm.com

>Lawrence D. Wiedemann (#13457)
>Karl Wiedemann (18502)
>**WIEDEMANN LAWFIRM**
>110 Veterans Memorial Boulevard
>Suite 444
>Metairie, Louisiana 70005
>Telephone: 504-581-6180
>Facsimile: 504-581-4336
>e-mail: ldwiedemann@gmail.com
>karlwiedemannlaw@gmail.com
>
>Patrick J. Sanders (18741)
>**PATRICK J. SANDERS, LLC**
>3316 Ridgelake Drive, Suite 100
>Metairie, Louisiana 70002
>Telephone: (504) 834-0646
>e-mail: pistols42@aol.com
>
>*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via ECF upload, this 17th day of January, 2012.

<u>*Brian A. Gilbert*</u>