UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PARISH OF ST. BERNARD                                              CIVIL ACTION
THROUGH THE ST. BERNARD
PARISH GOVERNMENT

VERSUS                                                             NO. 11-2350

LAFARGE NORTH AMERICA, INC., ET AL.                                SECTION "K"(2)

## ORDER AND REASONS

Before the Court is Lafarge North America Inc.'s Motion to Dismiss (Doc. 9). Defendant Lafarge North America Inc. ("Lafarge") contends that all claims alleged against it by plaintiff Parish of St. Bernard Through the St. Bernard Parish Government ("the Parish") should be dismissed. As the basis for this motion, Lafarge contends that it did not owe the Parish a duty to prevent harm to it because the alleged harm was not foreseeable, given the alleged events that gave rise to that harm, sustained miles away from Lafarge's cement terminal as the result of an unforeseeable chain reaction of events.

As this Court has previously noted "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). While this Court has peculiar knowledge concerning the facts and circumstances surrounding the Barge and has found in another trial that the Barge in question did not cause the breaches at issue, *In re Katrina Consolidated Canal Breaches (BARGE)*, 2011 WL 1792542 (Jan. 20, 2011), that knowledge cannot be the basis for a Motion to Dismiss.

Indeed, the Court will not and cannot dismiss this case based on the theory that Lafarge owed no duty to prevent the Barge from coming loose and allegedly causing the cataclysmic

breaches of the floodwall protecting the Ninth Ward and Chalmette.  This case is in no way analogous to the dredging case *In re Great Lakes*, 624 F.3d 201 (5th Cir. 2010) where suit was brought against the dredgers by persons who were harmed by flooding from the MRGO.  In this instance, Lafarge brought in a barge to a waterway that was in the direct path of one of the largest hurricanes.  That waterway was immediately adjacent to a floodwall that protected a major urban area.  Lafarge unloaded that Barge and allegedly did not take proper precautions to protect that floodwall.   There are allegations in the Petition concerning the defalcations that Lafarge allegedly committed in securing the barge.

Clearly, it was foreseeable that an empty barge in the Industrial Canal during a catastrophic hurricane that was coming up the Mississippi River with the attendant storm surge could break loose, destroy the floodwall and cause devastating flooding from 2.3 to 5.3 miles away.  At a minimum, the Court cannot and will not dismiss this case on those grounds. Accordingly,

**IT IS ORDERED** that Lafarge North America Inc.'s Motion to Dismiss (Doc. 9) is **DENIED**.

New Orleans, Louisiana, this 25th day of April, 2012.

        **STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**