UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PARISH OF ST. BERNARD THROUGH THE ST. BERNARD PARISH GOVERNMENT,**<br><br>　　　　　　**Plaintiff,**<br><br>v.<br><br>**LAFARGE NORTH AMERICA, INC., ET AL.,**<br><br>　　　　　　**Defendant.** | CIVIL ACTION<br><br>NO. 2:11-cv-02350-ILRL-JCW<br><br>JUDGE LEMELLE – SECTION: K<br><br>MAG. WILKINSON – DIVISION 2 |

**PLAINTIFF'S OPPOSITION TO
DEFENDANT LAFARGE NORTH AMERICA INC.'S
<u>MOTION TO COMPEL DISCOVERY</u>**

　　Plaintiff, Parish of St. Bernard through the St. Bernard Parish Government ("the Parish" or "Plaintiff") hereby opposes the Motion to Compel filed by Defendant LaFarge North America, Inc., et al. ("LNA" or "Defendant") on October 2, 2015. Through its Motion, Defendant seeks to compel Plaintiff to (a) provide a "full and complete" response to Defendant's Interrogatory No. 1, which requests "a final and complete list of the properties that the Parish is placing at issue in this action and certain information about each property," [R. Doc. 153-1 at Ex. A] and (b) to "produce all documents responsive to Defendant's Document Request No. 38," which seeks documents concerning the Parish's Fifth Amendment Takings lawsuit in the Court of Federal Claim. *Id.,* at Ex. B. Defendant's Motion with respect to Interrogatory No. 1 is premature and unnecessary, in that Plaintiff has already produced a wealth of the requested information, and

1

continues in good faith to do so on a rolling basis. It is a massive quantity of documents, and Plaintiff is doing its level best to marshal all of it and comply.

Defendant's Motion is similarly inappropriate as to Document Request No. 38, a massive, over-arching request for publically available documents concerning a Fifth Amendment Takings case pending in the Court of Federal Claims, one in which undersigned counsel are in no respect involved, in response to which Request Plaintiff has asserted valid and reasonable objections. Plaintiff suggests that Lafarge refine its Request, and avail itself of more direct, self-sufficient methods of obtaining documents that Plaintiff contends are not even remotely connected with the instant litigation.

For these reasons and those shown below, Lafarge's Motion should be denied in all respects.

## BACKGROUND

On June 18, 2015, Judge Lemelle issued an Order setting a case schedule, which indicated that all discovery in this action is to be completed by Friday, October 14, 2016. R. Doc. 136. The parties agreed upon a rolling production of documents over the course of discovery. On July 2, 2015, Defendant served Plaintiff with its first round of written discovery requests, which included Defendant's First Set of Interrogatories and First Set of Request for Production of Documents. R. Doc. 153-1 at Ex. A & B. The parties agreed from the outset that the time for Plaintiff to respond would be extended an additional thirty days. *Id.,* at Exhibit C. Plaintiff timely served its responses to Defendant's discovery requests on August 31, 2015. *Id.,* at Ex. D & E.

On Friday, September 18, 2015, Defendant sent Plaintiff a letter alleging deficiencies in Plaintiff's responses and asking to schedule a telephonic meet-and-confer to discuss Defendant's

issues. *Id.,* at Ex. F. On Tuesday, September 22, 2015, Brian Gilbert, an attorney of Plaintiff, and Derek Walker, an attorney of Defendant, had a 30-minute phone call during which counsel for both parties agreed to try to resolve any first-round discovery disputes by the end of the week and to schedule a further call with second attorney of Defendant's, Adam Chud. On Thursday, September 24, 2015, Defendant, through Adam Chud, sent a follow-up letter to Plaintiff [R. Doc. 153-1 at Ex. F] and the parties scheduled the meet-and-confer for Monday, September 28, 2015. The parties held their call on September 28, 2015 as scheduled, and were able to resolve some discovery issues, but not others. On September 30, 2015, Defendant sent Plaintiff a letter purporting to recount what was agreed to during the parties' discussions on September 28, 2015. However, in actuality, the *only* information accurately conveyed by Defendant's letter is Plaintiff's counsel's repeated good-faith attempts to confer with Defendant to resolve the parties' discovery disputes without the need for Court intervention. *Id.*, at Ex. H. Despite Plaintiff's counsel's good-faith efforts, Defendant's September 30, 2015 letter unreasonably stated that Plaintiff had until October 1, 2015 to agree to produce the property list and the Court of Claims documents or Defendant would file a motion to compel. *Id.*

On October 1, 2015, Plaintiff responded to Defendant's September 30, 2015 correspondence, and counsel exchanged a number of e-mails concerning deposition dates. The following day, October 2, 2015, Plaintiff served its supplemental responses to Defendant's First Set of Interrogatories. R. Doc 161 at Ex. 1. Also on October 2, 2015, Defendant filed the instant Motion to Compel. R. Doc. 153. The next day, October 3, 2015, Plaintiff served its supplemental responses to Defendant's First Set of Requests for Production. During the week of October 12-16, 2015, Plaintiff will be serving Defendant with additional supplemental responses, of which Defense Counsel is aware.

## ARGUMENT

### I. The Parish Has Already Identified Properties at Issue in This Case and Provided Much of the Requested Information for Each Property (Interrogatory No. 1); *Rolling Production Continues*.

Given Plaintiff's timely served responses to Defendant's First Interrogatories on August 31, 2015 (within which Plaintiff, from the outset, indicated its intention to serve supplemental responses); the enormous amount of information that Defendant has requested; the parties' mutually agreed-upon rolling production; Plaintiff's supplemental production of October 2, 2015 and that impending production this week (October 12 – 16, 2015); and a discovery completion deadline that is almost exactly one year away, Defendant's instant Motion to Compel Plaintiff's Response to Interrogatory No. 1 is premature, inappropriate, over-reactive, and unnecessary.

Defendant's Interrogatory No. 1 asked Plaintiff to identify the properties for which it is seeking to recover damages as well as extremely specific and detailed information for each such property in the Interrogatory's subparts (a) through (i). R. Doc. 153-1 at Ex. A. Despite Plaintiff's valid objections to this interrogatory (which objections include but are not limited to the overbroad, unduly burdensome, unduly costly, irrelevant, compound, and premature nature of the request), Plaintiff, from the start, agreed to produce responsive information. *Id.,* at Exh. D. However, within Plaintiff's response itself, Plaintiff indicated that it has "extensive ESI responses to this Interrogatory," that Plaintiff is in the process of figuring out how to provide such extensive ESI responses in native format, and that Plaintiff was reserving its right to supplement its response. *Id.*

True to its word, Plaintiff did, in fact, supplement its response to this interrogatory, and did so *twice*. First, on October 2, 2015, Plaintiff provided a list of more than 4,000 private properties for which the Parish incurred expenses for demolition and remediation. Notably, this

list did not include, and was not meant to include, any governmental properties. R. Doc. 161 at Ex. 1. Defendant has apparently misapprehended the significance of this list, however, and despite Defendant's assertions to the contrary, it is responsive to subsections (a) and (f) of Interrogatory No. 1. To the extent that the substance of the supplemental response was unclear, a simple phone call to undersigned counsel could have shed clarity, obviating the need for Defendant's Motion.

Second, on October 12, 2015, Plaintiff informed Defendant of the imminent production of over 460,500 Bates-numbered pages responsive to Lafarge's discovery requests along the following general lines of inquiry:

> Structure Demolition
> Demolition Cost
> HHW Removal & Disconnects
> Temporary Fence (for pool)
> White Goods & Freon Recovery
> Demolition Debris Disposal Cost
> Dump Tipping Fees
> Debris Hauling
> Construction and Demolition Debris
> Curb-side White Goods
> Silt & Sand Removal
> Vegetative Debris Removal
> Dump Tipping Fees
> Roads Restoration
> Roads Restoration (Management)
> Louisiana Public Assistance
> Roads and Bridge
> Water Control Facilities
> Public Buildings and Equipment
> Public Utilities
> Parks, Recreational Facilities, and Other Items

At no point in time did Plaintiff indicate that it was unwilling to provide additional information responsive to Interrogatory No. 1. Rather, Plaintiff has been communicative and

cooperative with respect to Defendant's discovery concerns and has repeatedly conveyed—orally, in writing, and through its supplemental productions—its ongoing efforts to comply with Defendant's request. Defendant fails to appreciate the tremendous body of documents that it has requested of Plaintiff as well as the strenuous and time-intensive undertaking required to marshal this volume of material. Further, the responsive documents were not organized when they were generated in the wake of Katrina, and due to the architecture and configuration of Plaintiff's computer system, documents cannot be searched for by text or otherwise; they are only viewable as PDF images and broken down into a number of categories, which, quite obviously, are not the same categories as those described in Interrogatory No. 1, subsets (a) through (i). Thus, devising a complete and thorough response to Interrogatory No. 1 is a major undertaking, and the Parish's resources are already stretched thin due to ongoing internal issues. Notwithstanding the foregoing, Plaintiff is in good faith, and will continue, as it has done thus far, to produce responsive material as previously agreed- by the parties.

## II. General Discovery Rules Do Not Support the Sweeping and Contentious Discovery Defendant Seeks to Compel Here (Request for Production No. 38).

Defendant's Motion to Compel is also improper with respect to its Request for Production No. 38. It seeks all expert reports, declarations, affidavits, exhibits, appendices, attachments, supplements, amendments, deposition transcripts and exhibits, live and written trial testimony from any witness, trial exhibits and exhibit lists by all parties, discovery response by all parties, and documents produced by Plaintiff in the action *St. Bernard Parish v. United States*, No. 05-1119 (Ct. Fed. Cl.) (the "CFC Case"). R. Doc. 153-1 at Ex. B. However, the scope of allowable discovery under the Federal Rules is not as broad as Defendant suggests, and Defendant should be obligated to engage in some "self-help" rather than shifting the burden as to publically available documents that concern litigation entirely separate from that at bar here.

Pursuant to Fed. R. Civ. P. 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Also, "a party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost" [Fed. R. Civ. P. 26(b)(2)(B)], and discovery cannot be "unreasonably cumulative or duplicative, or . . . obtain[able] from some other source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(2)(C)(i). In fact, the Court itself cautioned the parties that, "This case has already been the subject of significant discovery taken in the *In re Katrina* matter and available to both parties. Although the case has the potential to involve extensive documentary evidence, depositions or other discovery, the parties have been instructed to reasonably minimize the same, and this Scheduling Order seeks to provide a process for resolution." R. Doc. 136.

In light of the above, Plaintiff validly objected to Defendant's Document Request No. 38 as "overbroad, unduly burdensome, irrelevant, compound…seeking information readily available to Defendant in the public domain…[and] to the extent that it seeks information that is not reasonably calculated to lead to admissible evidence." R. Doc. 153-1 at Exh. E. Plaintiff hereby reiterates and expands on those objections as follows.

First, the majority of the documents Defendant seeks from the CFC case are readily available to Defendant within the public domain via PACER. Second, to the extent the requested documents are not available on PACER, they are either (a) easily obtainable by Defendant

7

through counsel in the CFC case, or (b) subject to attorney-client privilege and thus protected from disclosure. Third, Defendant's request is also not reasonably calculated to lead to admissible evidence, as the CFC Case concerns only the temporary diminution of the value of immovables, under a Fifth Amendment Takings theory, whereas the instant case concerns the total loss and destruction of all affected movables, immovables, and infrastructures due to the tortuous negligence of a maritime actor. Finally, with respect to Plaintiff's objections of overbreadth and undue burden, the request speaks for itself: Defendant must significantly refine this request, and must obtain documents through the least burdensome method. No doubt, this should be through PACER, and/or through the attorneys that actually handled the litigation on which Lafarge's Request for Production No. 38 fixates.

### III. There Is No Failure to Comply and No Justification for Compelling Production or Awarding Fees at This Stage of the Case.

Fed. R. Civ. Pro 37(a)(5)(A) provides that if a motion to compel is granted, or if the disclosure or requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees." The Rule goes on, however, to state that "the court must not order this payment if (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Here, Defendant's Motion was not "necessitated" by Plaintiff's conduct, as Plaintiff has met the discovery deadlines prescribed by the Federal Rules and/or agreed upon by the parties and has complied with all Court Orders. Plaintiff has also been crystal clear with Lafarge that

Plaintiff has no incentive to deprive Lafarge of proof of damages – quite the contrary – and has given repeated explanations as to why the production is taking more time. As described in detail above, with respect to Interrogatory No. 1, Plaintiff is producing responsive documents as quickly as it can, and with respect to Document Request No. 38, Plaintiff's objections are "substantially justified." There is no non-production, and complete production will be achieved by October 2016. There is absolutely no basis for Defendant to be compensated for making this unnecessary motion, and thus, both the Motion itself and Defendant's demand for attorneys' fees connected therewith must be denied.

### IV. All Objections are Preserved.

Finally, putting aside the exhaustive, good faith efforts plaintiff has taken to provide over 460,500 Bates stamped and searchable documents for the defendant, in addition to the other discovery responses plaintiff prepared, plaintiff maintains its objections to unduly burdensome, unduly costly, privileged and irrelevant demands made by the defendant. Put otherwise, all of the Plaintiff's objections are preserved. Production of the 460,500-plus documents is not to be construed as waiver of any objections to any of Lafarge's discovery requests.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that Defendant's Motion to Compel and for attorneys' fees be denied in its entirety.

Respectfully submitted,

*/s/ David M. Barshay*
David M. Barshay, Esq. (3018033-PHV)
**BAKER SANDERS, LLC**
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Telephone: 516-741-4799
Facsimile: 516-706-5055
dbarshay@bakersanders.com

*/s/ Lawrence A. Wilson*
Lawrence A. Wilson, Esq. (9584-PHV)
**WILSON GROCHOW, DRUKER & NOLET**
Wool Worth Building
233 Broadway, 5th Floor
New York, New York 10279
Telephone (212) 608-4400
Facsimile (212) 608-0746
Email: lwilson@wgdnlaw1

*/s/ Brian A. Gilbert*
**BRIAN A. GILBERT (21297)**
2010 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 588-8570
Facsimile: (504) 599-8579
briang@javierlawfirm.com
bgilbert@briangilbertlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Brian A. Gilbert*