UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ST. BERNARD PARISH                                              CIVIL ACTION

VERSUS                                                          NO. 11-2350

LAFARGE NORTH AMERICA, INC. ET AL.                              SECTION "B" (2)

## ORDER AND REASONS ON MOTION

Plaintiff's Motion to Compel Admissions, Record Doc. No. 207, is pending before me. Defendant Lafarge North America, Inc., filed a written opposition memorandum. Record Doc. No. 211.

In this case, plaintiff seeks to recover for damage to a large number of properties allegedly caused when defendant's barge broke through a floodwall resulting in flooding during Hurricane Katrina. Plaintiff pursues this "motion to compel admissions" expressly as a means of "asking the Court to apply the doctrine of collateral estoppel to the case-at-bar." Record Doc. Nos. 207 at p. 1 and 207-7 at p. 16. It argues that defendant's objections to and/or denials and partial admissions of some of plaintiff's 138 Rule 36 requests for admissions are "belied by the findings of fact and conclusions of law" entered by Judge Duval in the Katrina Consolidated Litigation, C.A. No. 05-4182. Plaintiff also argues that defendant's Rule 36 responses were "served in violation of Fed. R. Civ. Pro. 11." Record Doc. No. 207-7 at p. 24. This odd motion is erroneous and cannot be granted essentially for three reasons.

First, there is no such thing as a "motion to compel admissions" under the Federal Rules of Civil Procedure. While a Rule 36 request for admissions is a discovery device, it is <u>not</u> one of the discovery devices for which Rule 37 provides a "motion to compel" as the means of enforcement. <u>See</u> Fed. R. Civ. P. 37(a)(3)(B) (providing that "[a] party may move for an order compelling" discovery responses, but only under discovery Rules 30, 31, 33 and 34, with no mention of other discovery under Rules 35 and 36). Instead, as to Rule 36, a "requesting party may move <u>to determine the sufficiency of an answer or objection</u>" (emphasis added). Plaintiff's motion makes no express request for such a determination. Instead, the stated relief sought by the motion is "for this court to enter an Order finding that the doctrine of collateral estoppel applies and that [defendant's] denials of [plaintiff's requests for admissions] are improper." Record Doc. No. 207-7 at p. 28. In any event, to whatever extent, if any, that plaintiff may be moving to determine the sufficiency of defendant's Rule 36 responses, it is without merit. All of defendant's objections are well-founded and sustained. Fed. R. Civ. P. 36(a)(5). Moreover, by responding subject to its objections, including clearly denying some of the requests, while admitting part and qualifying or denying the rest of others, all with adequate explanations, defendant has responded in the manner expressly contemplated by Fed. R. Civ. P. 36(a)(4).

Second, the preclusive doctrines of prior adjudication, including claim preclusion (res judicata) and issue preclusion (collateral estoppel), are affirmative claims or defenses, <u>see, e.g.,</u> Fed. R. Civ. P. 8(c)(1), as to which the party asserting them bears the burden of

2

proof. Thus, if a party seeks a pretrial order applying such a doctrine to its claims or its opponent's defenses, as plaintiff seeks to do in this case, it must do so, <u>not</u> in a non-dispositive discovery-related "motion to compel" asserting alleged discovery response insufficiencies, but via dispositive motion for summary judgment or, perhaps, to dismiss. <u>See, e.g.,</u> <u>Webb v. Town of St. Joseph,</u> 560 Fed. Appx. 362, 365-66 n. 4 (5th Cir. 2014) (questioning district court's imposition of preclusive effect of res judicata doctrine in a motion to dismiss, when it should have been treated under summary judgment standards; "The rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion. . . . Further, 'the party urging res judicata has the burden of proving each essential element by a preponderance of the evidence.'") (citing and quoting <u>Test Masters Educ. Servs, Inc. v. Singh,</u> 428 F.3d 559, 570-71 (5th Cir. 2005), and <u>St. Paul Mercury Ins. Co. v. Williamson,</u> 224 F.3d 425,437 (5th Cir. 2000)); <u>Rain CII Carbon LLC v. Phillips 66 Co.,</u> 2013 WL 5506144, *4 (E.D. La. Sept. 30, 2013) (Berrigan, J.) (describing collateral estoppel as "a variation of res judicata" for purposes of its assertion via dispositive motion to dismiss or for summary judgment). Plaintiff has not borne its evidentiary burden on this non-dispositive discovery motion.

Similarly, if plaintiff seeks to have the court take judicial notice of adjudicative facts for dispositive purposes, as it seems to argue in connection with some of the subject requests for admissions, <u>e.g.,</u> Record Doc. No. 207-1 at pp. 8-9, it must do so via motion

in limine, since judicial notice of adjudicative facts is a matter of evidence law, Fed. R. Evid. 201, not discovery procedure.

Third, plaintiff's Rule 11 argument is misplaced and inapposite because Rule 11 "does not apply to . . . discovery requests, responses, objections and motions under Rules 26 through 37." Fed. R. Civ. P. 11(d).

In short, I find no deficiency in defendant's Rule 36 responses and no basis on which plaintiff might be entitled to imposition of the issue dispositive doctrine of collateral estoppel flowing from this discovery motion. For all of the foregoing reasons, the motion is DENIED. In summary and to be clear, this is <u>not</u> a ruling that determines whether any former adjudication doctrine or judicial notice applies to this case based upon Judge Duval's findings and conclusions. Instead, this ruling is that (1) defendant's responses to plaintiff's voluminous requests for admissions are sufficient under Rule 36, and (2) a "motion to compel admissions" is a procedurally improper mechanism to obtain the order plaintiff seeks.

Defendant's opposition memorandum requests an award of attorney's fees and costs incurred in responding to this motion. To whatever limited extent this motion seeks to determine the sufficiency of defendant's Rule 36 responses and objections, "Rule 37(a)(5) applies to an award of expenses." Fed. R. Civ. P. 36(a)(6). Otherwise, some other legal basis for such an award must be provided. If defendant seeks to recover particular expenses, it must file a separate motion, no later than **May 10, 2016**, citing any other legal

basis on which it relies; specifying the kinds and amounts sought, supported by all necessary proof and in the manner required by Local Rule 54.2; and noticed for hearing so that plaintiff may have an opportunity to oppose it.

New Orleans, Louisiana, this __27th__ day of April, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE