UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PARISH OF ST. BERNARD THROUGH THE ST. BERNARD PARISH GOVERNMENT | CIVIL ACTION |
| VERSUS | NO. 11-2350 |
| LAFARGE NORTH AMERICA INC. | Section "B" (2) |

ORDER AND REASONS

Before the Court is a "Motion to Bifurcate Trial" filed by Lafarge North America Inc. ("Defendant" or "LNA"). Rec. Doc. 229. Parish of St. Bernard through the St. Bernard Parish Government ("Plaintiff" or "the Parish") filed a "Memorandum in Opposition" to the Motion to Bifurcate Trial. Rec. Doc. 246. Defendant was granted leave to file a reply memorandum. Rec. Doc. 248. For the reasons outlined below,

**IT IS ORDERED** that the Motion is **DENIED.**

I.   FACTS AND PROCEDURAL HISTORY

This case arises out of property damage to several St. Bernard Parish properties during Hurricane Katrina. Following Hurricane Katrina, St. Bernard Parish filed several lawsuits resulting from flood damage allegedly caused by barge ING 4727 ("the Barge") breaking free and causing two breaches in the Industrial Canal. Rec. Doc. 112 at 2. On August 23, 2011, St. Bernard Parish petitioned for damages in Division D of the 34th District Court

1

for the Parish of St. Bernard, State of Louisiana, alleging that LNA is liable for damages resulting from breaches in the floodwall allegedly caused by the Barge breaking from its moorings and alliding with the floodwall. Rec. Doc. 1 at 1-2; Rec. Doc. 1-1. The Parish alleges that LNA was negligent in its handling and mooring of the Barge, specifically that LNA allowed the unloaded Barge to moor outboard of a loaded barge with inadequate lines, creating a "sail effect," and that LNA had the opportunity to move the Barge to a safe location but failed to do so. Rec. Doc. 1-1 at 6-7. Plaintiff alleges that LNA acted in violation of U.S. Coast Guard standards, Sector New Orleans Hurricane Plan of the Coast Guard, and Lafarge policies and procedures. Rec. Doc. 1-1 at 9.

LNA removed the action pursuant to 28 U.S.C. §§ 1331, 1332, 1369, 1441, and 1446, and subsequently moved to consolidate this action with *In re Katrina Canal Breaches Consol. Litigation (Pertains to BARGE)*, Case No. 2:05-cv-04182-SRD-JCW. Rec. Doc. 1 at 1-2; Rec. Doc. 6.

Defendant moved for summary judgment claiming that it was scientifically impossible that the Barge caused the breach in the floodwall because the wind patterns during the hurricane were pushing northeast, which would have pushed the barge away from the areas that were breached. Rec. Doc. 67-1 at 9. With no genuine issue of fact to determine with respect to the meteorological evidence, Defendant asserted that summary judgment was

2

appropriate. Rec. Doc. 67 at 11-12. Section "K" of this Court agreed and granted Defendant's motion. Rec. Doc. 100 at 18. Plaintiff then appealed to the Fifth Circuit Court of Appeals. Rec. Doc. 103. On February 19, 2014, the United States Court of Appeals for the Fifth Circuit reversed this Court's ruling, finding that there was sufficient third-party eyewitness testimony supporting the allegations of the movant to present the case to a jury. Rec. Doc. 112 at 16. Upon remand the case was transferred to Section "B" of this Court and set for trial on May 8, 2017. Trial is estimated to last three to four weeks. Rec. Doc. 136.

## II. THE PARTIES' CONTENTIONS

Defendant requests bifurcation on several grounds. First, Defendant argues that bifurcation will expedite the proceedings by potentially eliminating a lengthy damages trial. Rec. Doc. 229-1 at 1. Defendant contends that there are very good reasons to believe that LNA will prevail on the liability claims, and if LNA is successful in that regard, there will be no need for a trial on damages. Rec. Doc. 229-1 at 14. Defendant notes that Plaintiff has presented no new evidence regarding causation, which this Court previously found did not implicate LNA. Rec. Doc. 229-1 at 14. Thus, Defendant argues that likely prevailing on liability will eliminate a timely and costly trial on damages. Rec. Doc. 229-1 at 14.

Second, Defendant argues that if LNA does not prevail on the liability claims and a trial to determine damages is necessary, bifurcation is the only way to legitimately examine the complex and individual damages claims. Rec. Doc. 229-1 at 15. Defendant contends that the way in which Plaintiff has attempted to prove its damages claim requires a "project-by-project examination," regardless of when damages is tried. Rec. Doc. 250 at 3. Defendant rejects Plaintiff's proposal to use a set of representative properties upon which damages could be adjudicated, asserting that any attempt by Plaintiff to "short-cut" the property-specific issues raised in its claim would fall short of Plaintiff's burden to prove damages. Rec. Doc. 250 at 16. In addition to its concerns about the length of time needed to properly examine damages, Defendant claims that a trial including issues of both liability and damages would confuse the jury. Rec. Doc. 250 at 17. Defendant argues that if the jury is required to consider extensive fact and expert testimony on over 275 projects and witnesses, the volume of proof on damages will distract the jury from the critical issue of liability. Rec. Doc. 250 at 17-18. Therefore, Defendant contends that bifurcation is the only feasible way to consider damages in a reasonable amount of time without causing juror confusion. Rec. Doc. 250 at 18.

Lastly, Defendant clarifies that Plaintiff will not be prejudiced by bifurcation because, even if LNA is found to be

4

liable, Plaintiff will have every opportunity to present its damages evidence in dedicated damages proceedings. Rec. Doc. 250 at 18. Defendant also asserts that Plaintiff will not be prejudiced by unnecessary delay or increased costs because bifurcation would allow the damages trial to be eliminated should LNA be found not liable, reducing both trial length and costs. Rec. Doc. 250 at 18.

Plaintiff opposes the motion to bifurcate on each of Defendant's contentions, and additionally claims that the motion to bifurcate would result in a Seventh Amendment violation. Rec. Doc. 246 at 20.

First, Plaintiff counters Defendant's presumption of prevailing on the liability claims by noting that the Fifth Circuit found that this Court made "impermissible credibility determinations" with respect to the liability issue in the case at bar, and reversed this Court's ruling granting summary judgment. Rec. Doc. 246 at 16. Thus, Plaintiff contends that bifurcation would not serve to expedite the judicial process if Defendant was found to be liable because it would result in two separate trials. Rec. Doc. 246 at 18.

Plaintiff next argues that its claims for liability and damages can both be tried in the time allotted by the Court. Rec. Doc. 246 at 17. Plaintiff maintains that Defendant's motion is an attempt to elicit additional trial time from the Court, but that following the plan of agreeing on a set of representative

5

properties and/or projects upon which damages could be adjudicated would result in a resolution within the time allotted by the Court. Rec. Doc. 246 at 17.

Finally, Plaintiff argues that bifurcation would be improper because it would require a second jury to evaluate the reprehensibility of Defendant's conduct (in determining punitive damages) without reconsidering the issues giving rise to liability that were determined by the first jury in the liability trial. Rec. Doc. 246 at 20.

Defendant's reply memorandum primarily addresses Plaintiff's claim that bifurcation would violate the Seventh Amendment. Rec. Doc. 250 at 5. First, Defendant argues that bifurcation is commonly used in cases involving punitive damages. Rec. Doc. 250 at 6. Defendant contends that allowing the jury to return a special verdict under Rule 49 to decide whether LNA's conduct met the punitive damages standard would permit a second jury to determine the amount of punitive damages. Rec. Doc. 250 at 6. Second, Defendant asserts that bifurcation would not violate Plaintiff's rights, and proposes an alternative plan of empaneling a single jury to hear both trial phases. Rec. Doc. 250 at 7. Third, Defendant proposes that if the Court finds that Plaintiff's demand for punitive damages presents an obstacle to bifurcation, the Court should provisionally bifurcate the case into two phases before a

6

single jury, and allow Defendant to move for summary judgment on punitive damages. Rec. Doc. 250 at 7-8.

### III. LAW AND ANALYSIS

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). "Whether to conduct separate trials under the Rule [42(b)] is 'a matter left to the sound discretion of the trial court on the bases of circumstances of the litigation before it.'" *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 773-74 (5th Cir. 2009), (citing 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §2388 (3d ed. 2008)). Bifurcation into separate trials of liability and damages is a "common tool" used by federal courts in a wide array of civil cases. *Equal Emp't Opportunity Comm'n v. Bass Pro Outdoor World, L.L.C.*, No. 15-20078, 2016 WL 3397696 at *6 (5th Cir. June 17, 2016).

Here, Defendant claims that bifurcating the trial into a trial for liability and a separate trial to determine damages, if necessary, will result in a faster and more economic resolution because the issue of damages will be eliminated completely if Defendant prevails on liability. Rec. Doc. 229-1 at 14. Plaintiff avers the opposite, contending that if Defendant is unsuccessful in defending against the liability claims, bifurcation would result in two separate trials, thus prolonging proceedings. Rec.

7

Doc. 246 at 18. However, Defendant contends that even if it does not prevail on the liability claims after bifurcation, there will be little overlap between the evidence and witnesses presented, and therefore bifurcation would nevertheless be desirable. Rec. Doc. 250 at 6.

This Court has previously ruled bifurcation to be appropriate in order to avoid potential prolonged delay of trial. See *Derouen v. Hercules Liftboat Co., L.L.C. et al*, Nos. 13-4805, 13-4806, 13-5060, 2016 WL 349311 at *5 (E.D. La. Jan. 26, 2015). As this case has been ongoing since September of 2011, it is the desire of this Court to resolve this matter as swiftly as possible without prejudicing either party. If the Court were to bifurcate this trial and LNA was not implicated in any liability, bifurcation would indeed be a more efficient and economic option by eliminating a trial on damages. However, if this Court were to bifurcate the trial and LNA was found to be liable for the damages claimed by the Parish, bifurcation would result in the exact prolonged delay of trial that it is intended to eliminate. In its opposition Plaintiff contends that bifurcation would result in the defense presenting duplicative witnesses and evidence in both the liability and damages trials which would prolong an already lengthy trial. Rec. Doc. 246 at 5-6. If this were true, bifurcation would certainly result in a delayed trial. However, in its reply memorandum Defendant contends that there will be very little

8

overlap of evidence and witnesses, stating that none of LNA's witnesses will testify in both the causation and damages trials. Rec. Doc. 250 at 6.

The Fifth Circuit has cautioned that bifurcation of issues is not the usual course that should be followed and should be reserved for issues that are "so distinct and separable from the others that a trial of it alone may be had without injustice." *State of Ala. v. Blue Bird Body Co., Inc.*, 573 F.2d 309, 318 (5th Cir. 1978). This limitation on the use of bifurcation is a recognition of the fact that inherent in the Seventh Amendment guarantee of a trial by jury is the general right of a litigant to have only one jury pass on a common issue of fact. *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993) (citing *Blue Bird Body Co., Inc.*, 573 F.2d at 318).

Plaintiff claims that the punitive damages in this case are "reasonably related to the reprehensibility of the Defendant's conduct," and that having a second jury as a result of bifurcation would result in a Seventh Amendment violation. Rec. Doc. 246 at 20. However, the Fifth Circuit has held that a district court may use Rule 49 in order to structure a jury's finding of fact, which would allow the jury to first determine whether the standard for punitive damages has been met, and only after answering in the affirmative would the jury determine an award of punitive damages. *Equal Emp't Opportunity Comm'n*, 2016 WL 3397696 at *7. "This system

9

avoids the risk that a second jury would reconsider the first finding of fact[.]" *Id.*

Defendant proposes this special verdict procedure in its reply memorandum in order to avoid any Seventh Amendment violations. Rec. Doc. 250 at 6. Defendant contends that the Court could ask the jury to return a special verdict under Rule 49 to decide whether LNA's conduct met the punitive damage standard. Rec. Doc. 248-1 at 6. If the first jury found that LNA's conduct met the required standard, the second jury could determine the amount of punitive damages, and therefore bifurcation would not lead to a violation of Plaintiff's rights. Rec. Doc. 250 at 6. As an alternative, Defendant offers that the Court could bifurcate the case into two phases that would appear before a single jury, and permit LNA to move for summary judgment on punitive damages, potentially eliminating the issue completely. Rec. Doc. 250 at 8.

"Prejudice is the Court's most important consideration in deciding whether to order separate trials under Rule 42(b)." *Derouen*, 2016 WL 349311 at *4 (citing *Laitrim Corp. v. Hewlett-Packard Co.*, 791 F.Supp. 113, 115 (E.D. La, 1992)). Plaintiff claims that it would be prejudiced by expenses incurred because Defendant did not move to bifurcate discovery. Rec. Doc. 246 at 22. Plaintiff claims it would have to produce "hundreds of thousands of documents relating to damages and presenting deposition of witnesses on the same," at the request of Defendant,

only to have Defendant petition the Court to postpone the damages trial. Rec. Doc. 246 at 22. The Court finds this argument unconvincing. First, both sides will have to prepare discovery documents relating to damages regardless of whether the trial is bifurcated or not. Second, Plaintiff's argument assumes prematurely that Defendant will not only petition to postpone the damages trial, but also that the Court will grant the request.

As an alternative to bifurcation, this Court has previously ordered that a trial be separated into separate and distinct phases. See *Laitram*, 791 F.Supp. at 117; *Bayou Fleet P'ship, L.L.P. v. St. Charles Parish*, No. 10-1557, 2013 WL 149584 (E.D. La. Jan. 14, 2013); see also *Joy Technologies, Inc. v Flakt, Inc.*, 772 F.Supp 842 (D.Del. 1991). In *Laitram Corp. v. Hewlett-Packard Co.*, this Court denied a motion to bifurcate trial in a patent infringement case, but instead ordered separate and distinct phases within one trial to try the issues of patent infringement and, if necessary, the resulting damages. *Laitrim*, 791 F.Supp at 117. The Court ordered discovery to proceed on all issues, and further ordered that the jury will first decide on liability, and, if necessary, the damages phases of the trial would immediately proceed before the same jury. *Id.* at 115. The Court reasoned that jury confusion would be reduced if examination of the complex technical evidence was saved until the jury could narrowly focus on the specific issues relevant in determining damages. *Id.* at

116. Additionally, the Court found that separate phases would avoid any prejudice caused by delay of trial, an additional discovery period, and increased expenses. *Id.* at 117.

Similar to *Laitrim*, separation of the issues into distinct and separate phases in this case would provide a desirable alternative to bifurcation. Separate phases would promote efficiency and would economize the proceedings by still allowing the possibility to eliminate the damages phase if LNA was not implicated in liability. In addition, separate phases would eliminate the prejudice and potential Seventh Amendment violations cited by Plaintiff by allowing the same jury to hear both liability and, if necessary, damages. This would also alleviate Defendant's concerns of jury confusion resulting from a combined trial. Thus, separate phases rather than bifurcation would achieve the goals of both parties.

## IV. CONCLUSION

For all of the reasons outlined above,

**IT IS ORDERED** that the motion is **DENIED**. However, a single trial shall occur before the same jury with the liability phase proceeding first, and, if necessary, the damages phase <u>immediately</u> thereafter. Discovery shall proceed on all issues. Parties shall meet and jointly submit their respective list of witnesses and exhibits for each phase of the trial in accordance with all

12

existing deadlines set forth in court orders. *See* Rec. Doc. 136.

New Orleans, Louisiana, this 10th day of August, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE