UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ST. BERNARD PARISH                               CIVIL ACTION

VERSUS                                           NO. 11-2350

LAFARGE NORTH AMERICA, INC.,                     SECTION "B"(2)
ET AL.

ORDER AND REASONS

Before the Court is St. Bernard Parish's ("Plaintiff" or "the Parish") "Motion for Partial Summary Judgment." Rec. Doc. 239. Defendant Lafarge North America Inc. ("Defendant" or "Lafarge") filed an opposition thereto. Rec. Doc. 251. The Court then granted Plaintiff leave to file a reply memorandum. Rec. Doc. 261. Plaintiff seeks entry of partial summary judgment finding that the presumptions afforded under the *Louisiana Rule* and the *Pennsylvania Rule* apply to this case. Rec. Doc. 239 at 1. Additionally, Plaintiff seeks entry of partial summary judgment finding that Defendant is collaterally estopped from rearguing certain findings of fact and conclusions of law made by the Honorable Stanwood R. Duval, Jr. in the matter of In re Katrina Canal Breaches Consolidated Litigation ("Consolidated Litigation"). Rec. Doc. 239 at 1. As stated more fully herein,

**IT IS ORDERED** that Plaintiff's motion is **DENIED**.

1

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case arises out of property damage to several St. Bernard Parish properties during Hurricane Katrina. After Hurricane Katrina, St. Bernard Parish filed several lawsuits on account of the flooding. Rec. Doc. 112 at 2. It first filed suit in the U.S. Court of Federal Claims claiming that the acts or omissions of the U.S. Army Corps of Engineers relating to the Mississippi River-Gulf Outlet ("MRGO") caused the flooding to the Parish. Rec. Doc. 251 at 8. After a number of other entities filed suit in this Court against the United States, we established an umbrella litigation known as *In re Katrina Canal Breaches Consolidated Litigation*, Civil Action Number 05-4182 hereinafter "the Consolidated Litigation"). Rec. Doc. 100. Another group of plaintiffs also filed suit against Lafarge, alleging that the ING 4727 ("the Barge"), a barge moored at an LNA facility on the western side of the Inner Harbor Navigation Canal ("IHNC"), caused the breaches in the floodwall that that led to the flooding in the Lower Ninth Ward and St. Bernard Parish. Rec. Doc. 251 at 8. As a result, this Court created a "BARGE" category within the consolidated litigation to encompass those lawsuits. On January 20, 2011, Judge Duval issued an opinion in the exemplar non-jury BARGE trial. In a forty-two page opinion, the Court issued judgment in favor of Lafarge, explaining that "the plaintiffs' allegations were refuted by the laws of nature considering the undisputed physical evidence

adduced as to the weather conditions in the area during Hurricane Katrina." Rec. Doc. 110 at 4. *See also In re Katrina Canal Breaches Consol. Litigation*, No. 05-418, 2011 WL 1792542, (E.D. La. Jan. 20, 2011).

On August 23, 2011, St. Bernard Parish filed suit in Division D of the 34th District Court for the Parish of St. Bernard, State of Louisiana, alleging that LNA is liable for damages resulting from breaches in the floodwall allegedly caused by the Barge breaking from its moorings and alliding with the floodwall. Rec. Doc. 1 at 1-2; Rec. Doc. 1-1. Plaintiff contends that LNA was negligent in its handling and mooring of the Barge. Specifically, Plaintiff argues that LNA allowed the unloaded Barge to moor outboard of a loaded barge with inadequate lines, creating a "sail effect," and that LNA had the opportunity to move the Barge to a safe location but failed to do so. Rec. Doc. 1-1 at 6-7. Plaintiff alleges that LNA acted in violation of U.S. Coast Guard standards, Sector New Orleans Hurricane Plan of the Coast Guard, and LNA policies and procedures. Rec. Doc. 1-1 at 9.

LNA removed the action to federal court, and it was the transferred to Judge Duval because of its relation to the Consolidated Litigation. On December 6, 2012, Judge Duval granted summary judgment in favor of Lafarge, noting that "[t]he physical evidence as this Court has found twice leads inexorably to the conclusion that Lafarge is entitled to summary judgment and an end

3

to this litigation." Rec. Doc. 100 at 18. The United States Court of Appeals for the Fifth Circuit disagreed. On February 19, 2014, the Fifth Circuit reversed the summary judgment ruling, finding that there was sufficient third-party eyewitness testimony supporting Plaintiff's allegations to present the case to a jury. Rec. Doc. 112 at 16. Upon remand the case was transferred to Section "B" of this Court and set for trial on May 8, 2017. Plaintiff now moves for summary judgment on three issues.

## II.  THE PARTIES' CONTENTIONS

In support of its Motion for Partial Summary Judgment, Plaintiff first argues that there is no genuine issue of material fact that would preclude applying the *Pennsylvania Rule* in the case at hand.[1] Rec. Doc. 240 at 17. Specifically, Plaintiff argues that LNA violated statutory rules and regulations intended to prevent allisions, which resulted in injury to Plaintiff. Rec. Doc. 240 at 18. Plaintiff likewise argues that the *Louisiana Rule* applies to this case.[2] Rec. Doc. 240 at 23. In support of this assertion, Plaintiff alleges that it cannot be disputed that the Barge broke free from its moorings and then allided with the

---

[1] The *Pennsylvania Rule* allocates "sole or contributory fault to a vessel that is in actual violation of a statutory rule intended to prevent collisions when the violating vessel fails to show that it could not have been at fault." *Raffield v. Y & S Marine, Inc.*, 558 F. Supp. 2d 672, 674 (E.D. La. 2008).
[2] "The Louisiana Rule creates a presumption of fault that shifts the burden of production and persuasion to a moving vessel that drifts into an allision with a stationary object." *Slatten, LLC v. Royal Caribbean Cruises Ltd.*, No. CIV.A. 13-673, 2014 WL 5500701, at *3 (E.D. La. Oct. 30, 2014)(citing *THE LOUISIANA*, 70 U.S. (3 Wall.) 164, 173, 18 L.Ed. 85 (1866)).

4

eastern floodwall of the IHNC. Rec. Doc. 240 at 23.. Thus, Plaintiff argues LNA should bear the burden of proving that the allision would still have occurred even if LNA had properly secured the Barge. Rec. Doc. 240 at 24.Finally, Plaintiff asserts that Defendant should be collaterally estopped from rearguing certain of Judge Duval's findings of fact and conclusions of law. Rec. Doc. 240 at 24. Plaintiff argues that the four-part test for collateral estoppel is satisfied. Rec. Doc. 240 at 26. The essence of Plaintiff's argument is that Judge Duval's ruling in favor of Defendant in the Consolidated Litigation does not preclude Plaintiff from utilizing findings for the purpose of collateral estoppel. Rec. Doc. 240 at 26-30.

Defendant argues that Plaintiff is not entitled to partial summary judgment on the applicability of the *Pennsylvania Rule* or the *Louisiana Rule*. Rec. Doc. 251 at 15-22.

Defendant also argues that Plaintiff is not entitled to partial summary judgment that the *Louisiana Rule* will apply at trial. Rec. Doc. 251 at 22. While pointing to several alleges issues of material fact, Defendant also claims that the presumptions or inapplicable due to the extensive record evidence as to causation and fault. Finally, Defendant argues that Plaintiff errs in asserting that LNA is collaterally estopped from litigating certain statements in Judge Duval's opinion from the Consolidated Litigation. Rec. Doc. 251 at 24. Defendant's primary arguments in

5

support of this contention are: (1) that Plaintiff's motion is fatally defective because it fails to identify the specific findings by Judge Duval that Plaintiff seeks to have held binding against LNA; and (2) that collateral estoppel does not apply to the case at hand because LNA prevailed in the Consolidated Litigation. Rec. Doc. 251 at 24-29. Accordingly, Lafarge urges hits Court to deny the motion.

### III. LAW & ANALYSIS

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. If and when the movant carries this burden, the non-movant must then go beyond the pleadings and present other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

6

However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994). Conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

### A. Applicability of the *Pennsylvania* and *Louisiana Presumptions*

Plaintiff argues that there is no genuine issue of material fact that would preclude applying the *Pennsylvania Rule* in this case. Rec. Doc. 240 at 17. Specifically, Plaintiff argues that LNA violated statutory rules and regulations intended to prevent allisions, which resulted in injury to Plaintiff. Rec. Doc. 240 at 18. Additionally, LNA points to Judge Duval's findings from the Consolidated Litigation to support its position that the *Pennsylvania Rule* should apply to this case. Rec. Doc. 240 at 21. Namely, Plaintiff highlights Judge Duval's statement that "There was a failure to moor at every cleat; there was a failure to double up the lines; and there was a failure in the configuration- that being the height differential caused by the tethering of a full barge to an empty barge." *In re Katrina Canal Breaches Consol. Litigation*, No. 05-418, 2011 WL 1792542, at *6 (E.D. La. Jan. 20, 2011); Rec. Doc. 240 at 21.

7

Defendant argues that Plaintiff is not entitled to partial summary judgment that the *Pennsylvania Rule* will apply at trial. Rec. Doc. 251 at 15. In support of this assertion, Defendant first contends that there is a genuine dispute as to whether Plaintiff's injuries (i.e., the flooding) were caused by an allision between the Barge and the floodwall. Rec. Doc. 251 at 15-17. Thus, Defendant argues that the first requirement for application of the Pennsylvania Rule—namely, injuries caused by an allision—cannot be met. Rec. Doc. 251 at 17. Second, Defendant asserts that there is a genuine dispute as to whether LNA violated any statute or regulation intended to avoid a collision. Rec. Doc. 251 at 18. Specifically, Defendant argues that the plans and federal regulations cited by Plaintiff are either inapplicable to the case at hand or were not violated by LNA. Rec. Doc. 251 at 18-21. Finally, Defendant asserts that the *Pennsylvania Rule* does not apply here due to the existence of record evidence as to causation. Rec. Doc. 251 at 22. Defendant cites Fifth Circuit precedent to support its assertion that evidentiary presumptions are "superfluous [when] the parties have introduced evidence to dispel the mysteries that gave rise to the presumptions." *In re Mid-South Towing Co.*, 418 F.3d 526, 531 (5th Cir. 2005). Rec. Doc. 251 at 22. In reply, Plaintiff concedes that whether the floodwall failed as a result of the allision with the barge is an issue for trial, but argues that the *Pennsylvania Rule* still applies because it is

8

undisputed that the barge did, at some point, allide with the floodwall and there is no genuine issue of fact as to whether LNA violated a statute or regulation. Rec. Doc. 261 at 3-4.

Plaintiff likewise argues that the *Louisiana Rule* applies to this case.[3] Rec. Doc. 240 at 23. In support of this assertion, Plaintiff alleges that it cannot be disputed that the Barge broke free from its moorings and then allided with the eastern floodwall of the IHNC. Rec. Doc. 240 at 23. Further, Plaintiff contends that the facts indicate LNA did not handle the Barge with reasonable care because LNA did not ensure that all mooring lines were doubled up prior to the storm. Rec. Doc. 240 at 24. Thus, Plaintiff argues LNA should bear the burden of proving that the allision would still have occurred even if LNA had properly secured the Barge. Rec. Doc. 240 at 24.

Defendant also argues that Plaintiff is not entitled to partial summary judgment that the *Louisiana Rule* will apply at trial. Rec. Doc. 251 at 22. First, Defendant contends that Plaintiff has not met its burden of showing the absence of a genuine dispute as to whether there was an allision between the Barge and the floodwall that caused the flooding at issue. Rec. Doc. 251 at 23. Next, Defendant argues that the *Louisiana Rule*'s

---

[3] "The Louisiana Rule creates a presumption of fault that shifts the burden of production and persuasion to a moving vessel that drifts into an allision with a stationary object." *Slatten, LLC v. Royal Caribbean Cruises Ltd.*, No. CIV.A. 13-673, 2014 WL 5500701, at *3 (E.D. La. Oct. 30, 2014)(citing *THE LOUISIANA*, 70 U.S. (3 Wall.) 164, 173, 18 L.Ed. 85 (1866)).

9

presumption is inapplicable due to extensive evidence that LNA's handling of the Barge was not negligent and the breakaway of the Barge would have occurred regardless of how it was moored. Rec. Doc. 251 at 23. Third, Defendant asserts that Plaintiff failed to prove the absence of any genuine dispute regarding whether LNA handled the Barge with reasonable care. Rec. Doc. 251 at 24. In reply, Plaintiff maintains that LNA "admitted the singular fact necessary to invoke the application of the *Louisiana Rule*, *to wit*, that the Barge allided with the eastern floodwall." Rec. Doc. 261 at 2.

In cases involving a maritime collision resulting in injury to a plaintiff, the *Pennsylvania Rule* operates to shift the burden of proof from the plaintiff to the defendant if the defendant violated a statute or regulation designed to avoid such a collision. *The Pennsylvania*, 86 U.S. 125, 136 (1873). In such cases, the violating vessel bears the burden of proving that its fault could not have caused the accident. *Id.; Tokio Marine & Fire Ins. Co., Ltd. V. FLORA MV*, 235 F.3d 963, 966 (5th Cir. 2001). "The rule thus creates a presumption that one who violates a regulation intended to prevent collisions will be deemed responsible; but that presumption is rebuttable." *Id*.

Similarly, the *Louisiana Rule* provides that a drifting vessel is presumed to be at fault when it allides with a stationary object. *The Louisiana*, 70 U.S. 164, 173 (1865). The defendant can

10

rebut the presumption of fault by showing "(1) that the allision was the fault of the stationary object; (2) that the moving vessel acted with reasonable care; or (3) that the allision was an unavoidable accident." *Combo Maritime, Inc. v. U.S. United Bulk Terminal, LLC*, 615 F.3d 599, 605. (5th Cir. 2010) (quoting *Fischer v. S/Y NERAIDA*, 508 F.3d 586, 593 (5th Cir. 2007)).

However, "[e]videntiary presumptions . . . are designed to fill a factual vacuum. Once evidence is presented . . . presumptions become superfluous because the parties have introduced evidence to dispel the mysteries that gave rise to the presumptions." *In re Mid-South Towing Co.*, 418 F.3d 526, 531 (5th Cir. 2005) (quoting *Rodi Yachts, Inc. v. National Marine, Inc.*, 984 F.2d 880, 887 (7th Cir. 1993)). "With the presence of evidence in the record, 'the need for presumptions evaporates.'" *Slatten, LLC v. Royal Caribbean Cruises Ltd.*, No. 13-673, 2014 WL 5500701, at *4 (E.D. La. Oct. 30, 2014) (quoting *Combo Maritime*, 615 F.3d at 607). Therefore, the primary issue here is whether there is a factual void as to fault and causation, if so "application of the presumptions is unnecessary." *Id*.

In this case, there appears to be no factual void.[4] In fact, the Fifth Circuit expressly acknowledged as much in its Judgment

---

[4] Notably, Plaintiff's reply memorandum addresses each of LNA's arguments concerning the applicability of these presumptions except for Defendant's contention that both presumptions are unnecessary in this case due to the presence of extensive record evidence. *See* Rec. Dc. 261.

11

reversing Judge Duval's grant of summary judgment. *See St. Bernard Parish v. Lafarge North America*, 550 Fed. Appx. 184, 192 (5th Cir. 2013). Specifically, the court stated that "[t]here is a great deal of testimony supporting Lafarge's position [regarding causation], to be sure, and little to support the Parish's." *Id*. Nevertheless, the court found sufficient evidence in support of the Parish's position to prevent summary judgment, including eye witness testimony. *Id*. The court provided an in-depth review of that evidence before concluding that the trial court had impermissibly resolved genuine issues of fact. *See id*. at 188-93. Moreover, Plaintiff's motion demonstrates that it possesses a great deal of evidence concerning LNA's pre-hurricane safety measures with respect to the barge, *see* Rec. Doc. 240 at 8-15, and LNA's opposition presents plenty of evidence that could be used to counter the Parish's contentions. *See* Rec. Doc. 251-1. Thus, both parties possess and intend to introduce evidence relevant to fault and causation. Accordingly, the record appears to contain sufficient evidence from both parties concerning causation and fault, thus rendering both presumptions afforded under the *Louisiana Rule* and the *Pennsylvania Rule* unnecessary.

Moreover, courts in this circuit have previously refused to apply such presumptions when there is relevant evidence in the record. *See Slatten*, 2014 WL 5500701 at *5 (finding application of the *Louisiana Rule* and the *Pennsylvania* Rule unnecessary because

"[t]he record at trial will contain sufficient evidence on which the Court, as the finder of fact, can determine the liabilities of the parties."); *St. James Stevedoring Partners, LLC v. Motion Navigation Ltd.*, No. 13-541, 2014 WL 3892178, at *7 (E.D. La. Aug. 6, 2014) (refusing to apply the *Oregon Rule* or the *Pennsylvania Rule* because both parties presented evidence regarding fault and causation). Given the abundance of relevant evidence currently in the record, we find that application of the *Louisiana Rule* and the *Pennsylvania Rule* would prove superfluous. Therefore, we need not rule on whether Plaintiff has established the prerequisites for the application of either rule.

### B. Collateral Estoppel

Plaintiff asserts that Court should employ offensive collateral estoppel to preclude Defendant from rearguing certain of Judge Duval's findings of fact. Rec. Doc. 240 at 24. Plaintiff argues that the four-part test for collateral estoppel is satisfied, including the third prong which requires that the issue was necessary to the prior judgment. Rec. Doc. 240 at 26. The essence of Plaintiff's argument is that Judge Duval's ruling in favor of Defendant in the Consolidated Litigation does not preclude Plaintiff from utilizing findings for the purpose of collateral estoppel. Rec. Doc. 240 at 26-30. Thus, Plaintiff argues that some of Judge Duval's findings, such as that "the Barge obviously came into contact with the IHNC floodwall as demonstrated by the damaged

concrete cap, the scrape markings on the bottom of the vessel and the vessel's presence in the Lower Ninth Ward" qualify as determinations that were necessary to the judgment. Rec. Doc. 240 at 30 (citing *Duval Order* at p. 25).

Defendant argues that Plaintiff errs in asserting that it is collaterally estopped from litigating certain statements in Judge Duval's opinion from the Consolidated Litigation. Rec. Doc. 251 at 24. Defendant first notes that Plaintiff's motion is fatally defective because it fails to identify the specific findings by Judge Duval that Plaintiff seeks to have held binding against LNA. Rec. Doc. 251 at 24. Defendant next asserts that collateral estoppel does not apply to the case at hand because LNA prevailed in the Consolidated Litigation. Rec. Doc. 251 at 25-29. Further, Defendant alleges that collateral estoppel is inapplicable because Plaintiff could have participated in the Consolidated Litigation. Rec. Doc. 251 at 29-30. Finally, Defendant points to a prior agreement between LNA and Plaintiff to forego collateral estoppel. Rec. Doc. 251 at 30-31.

"A district court has broad discretion to determine whether collateral estoppel is appropriately employed offensively to preclude issue relitigation." *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 391 (5th Cir. 1998). The Fifth Circuit in *Sport Supply Group, Inc. v. Columbia Cas. Co.* noted that collateral estoppel "is appropriate only when four conditions are met:"

> First, the issue under consideration in a subsequent action must be identical to the issue litigated in a prior action. Second, the issue must have been fully and vigorously litigated in the prior action. Third, the issue must have been necessary to support the judgment in the prior case. Fourth, there must be no special circumstances that would render preclusion inappropriate or unfair.

335 F.3d 453, 458 (5th Cir. 2003) (quoting *Gandy Nursery, Inc. v. United States*, 318 F.3d 631, 639 (5th Cir. 2003)).

As Defendant points out, the primary issue with Plaintiff's argument is that the Parish fails to clearly identify all of the findings of fact to which it believes collateral estoppel should apply. Instead, "Plaintiff asks this Court to hold that *certain facts at issue here* have already been determined by Judge Duval in the Consolidated Litigation and, as a result, seek to promote the interests of judicial economy by preventing Defendant from attempting to relitigate them here." Rec. Doc. 240 at 25 (emphasis added). Plaintiff's motion cites a handful of factual findings made by Judge Duval as examples of facts that were allegedly necessary to the Judge Duval's final judgment, but the Parish does not indicate which other facts it seeks to estop Defendant from relitigating. *See* Rec. Doc. 240 at 29-30. Further, Plaintifffailed to seize the opportunity to provide such clarity by not even acknowledging Plaintiff's argument about the lack of specificity in its reply brief. *See* Rec. Doc. 261.

Without identification of specific facts or legal issues, this Court is unable to apply employ offensive collateral estoppel because it is impossible to determine whether each of the conditions is met. *See Matter of Lewisville Props., Inc.*, 849 F.2d 946, 949 (5th Cir. 1988) (affirming district court's refusal to apply offensive collateral estoppel because the appellant did not identify specific facts or legal issues decided in the previous case but asserted a much broader theory); *Kosinksi v. C.I.R.*, 541 F.3d 671, 675 (6th Cir. 2008) (finding that Plaintiff's claim for collateral estoppel was insufficient because it failed to identify a precise issue). Accordingly, to the extent Plaintiff asks this Court to generally apply collateral estoppel to all facts decided by Judge Duval that will ultimately prove to be at issue in this litigation, that request is declined. Nevertheless, this Court will proceed on the assumption that Plaintiff only seeks to estop Defendants from relitigating the few factual findings explicitly referenced in the motion.

In discussing the third condition for establishing collateral estoppel, Plaintiff references the following factual findings made by Judge Duval: (1) that LNA failed to moor the barge at every cleat; (2) that LNA failed to double up the lines; (3) that LNA tethered a full barge to an empty barge; and (4) that the Barge came into contact with the IHNC floodwall, which was demonstrated by the damaged concrete cap, the scrape markings on the bottom of

16

the vessel; and the vessel's presence in the Lower Ninth Ward. Rec. Doc. 240 at 29-30. As the parties' briefing recognizes, Plaintiff's other major obstacle in establishing the applicability of collateral estoppel is the requisite third element—whether the factual findings were necessary to support the judgment in the prior case. LNA maintains that it is a "bedrock principle" that collateral estoppel cannot apply against a party when, as here, that party prevailed in the earlier case. Rec. Doc. 251 at 25. The Parish counters that there is no such categorical rule. Rec. Doc. 240 at 29. Rather, Plaintiff maintains that the Court must examine Judge Duval's prior judgment to determine whether the factual findings were actually dicta or whether they were necessary to the judgment. *Id*. Accordingly, Plaintiff argues that the factual findings referenced above were necessary to Judge Duval's finding that the *Louisiana* and *Pennsylvania Rules* applied to this case. Defendant contends that Judge Duval did not find that the presumptions applied, and that, in any event, the factual findings could not have been necessary to the judgment because it was in favor of LNA. Plaintiff's argument is meritless.

Judge Duval clearly made no finding as to the applicability of the *Pennsylvania Rule*, expressly omitting discussion of whether LNA violated any specific statute or regulation. *In re Katrina Canal Breaches Consol. Litigation*, 2011 WL 1792542, at *22 ("Pretermitting whether Lafarge violated any specific statute ore

17

regulation as it pertained to the mooring of the ING 4727 . . . ."). The opinion is less clear as to whether Judge Duval found the *Louisiana Rule* applicable, but it is of no consequence here. *See id*. at *20-21. The Court explicitly found that the barge did not cause either the North Breach or the South Breach. The factual findings referenced above concerning LNA's alleged negligence in mooring the barge and an allision between the barge and the floodwall were therefore not necessary to the Judgment. Rather, the Judgement relied upon a finding that the breaches had already occurred and the flooding had already started prior to any contact between the barge and the floodwall, meaning it was irrelevant whether the barge was negligently moored or whether it made contact with the wall. The Judgement clearly did not depend on these factual findings and thus collateral estoppel cannot apply. *See Bobby v. Bies*, 556 U.S. 825, 834 (2009) ("If a judgment does not depend on a given determination, relitigation of that determination is not precluded.").

IV. CONCLUSION

In light of the foregoing, **IT IS ORDERED** that Plaintiff's Motion for Partial Summary Judgment is **DENIED**. Given the many factual disputes in this voluminous record and movant's own prior opposition to summary dispostion, we are concerned that valuable resources are being wasted by needless manuvering and time consuming actions that art not proportionate to asserted claims and defenses.

New Orleans, Louisiana, this 27th day of September, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE