**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| ST. BERNARD PARISH | CIVIL ACTION |
| VERSUS | NO. 11-2350 |
| LAFARGE NORTH AMERICA, INC., ET AL. | SECTION "B"(2) |

## ORDER AND REASONS

Before the Court are a pair of motions to intervene from attorneys Richard Seymour and Patrick Sanders. *See* Rec. Docs. 407, 409. Plaintiff filed an opposition to each motion. *See* Rec. Docs. 408, 411. For the reasons discussed below,

**IT IS ORDERED** that the motions to intervene (Rec. Docs. 407, 409) are **DENIED**.[1]

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The underlying litigation involved claims between Plaintiff St. Bernard Parish and Defendant Lafarge North America that arose from damage caused by flooding during Hurricane Katrina. *See* Rec. Doc. 1-1. The case was removed from Louisiana state court in September 2011 and continued for almost six years. *See* Rec. Docs. 1-1, 397. In May 2017, Plaintiff and Defendant reached a compromise and the case was dismissed without prejudice; the Court retained jurisdiction for a reasonable period of time. Rec. Doc. 397. On July 26, 2017, Plaintiff and Defendant filed a joint stipulation

---

[1] Plaintiff's request for sanctions (*see* Rec. Docs. 408 at 8, 411 at 11) is dismissed without prejudice to be reurged if later warranted.

1

of dismissal with prejudice, pursuant to Federal Rule of Civil Procedure 41. Rec. Doc. 398.

On September 17, 2017, movant Patrick Sanders filed a motion to intervene under Federal Rule of Civil Procedure 24 to assert an attorney charging lien.[2] Rec. Doc. 407. Sanders was an attorney for Plaintiff in the underlying litigation until he withdrew from the case in 2014, preserving a claim for attorney's fees and expenses in the process. *See* Rec. Doc. 111. On September 25, 2017, movant Richard Seymour similarly filed a motion to intervene to assert an attorney charging lien.[3] Rec. Doc. 409. Seymour was a member of the Barge Plaintiffs Subgroup Litigation Committee (Barge PSLC) in related litigation that arose from the same flooding during Hurricane Katrina. *See* Rec. Doc. 11527, *In Re: Katrina Canal Breaches Consol. Litig.*, No. 05-4182 and consolidated cases (E.D. La. filed Mar. 4, 2008). Seymour withdrew from the related litigation in 2011, also preserving a claim for attorney's fees and expenses. *See* Rec. Doc. 20400, *In Re: Katrina*

---

[2] On August 14, 2017, Sanders initially filed a motion to enroll as counsel for putative intervenors Patrick J. Sanders and the Law Office of Patrick J. Sanders, with the intention to subsequently file a motion to intervene. Rec. Doc. 404. The Court denied the Sanders motion without prejudice because it was prematurely filed before the motion to intervene. Rec. Doc. 406. The Court "strongly encouraged [Sanders] to reconsider the propriety of filing the motion for leave to intervene" given that "[t]his is a closed case in which the parties jointly stipulated to a dismissal with prejudice" and "there is a pending action in New York state court designed to resolve the underlying dispute" over attorneys' fees. *Id.*

[3] Seymour initially filed a motion to appear *pro hac vice* on August 9, 2017, and intended to subsequently file a motion to intervene. Rec. Doc. 401. As with the Sanders motion, the Court denied the Seymour motion without prejudice and cautioned Seymour about filing a motion to intervene at this stage of the litigation. *See* Rec. Doc. 406.

2

*Canal Breaches Consol. Litig.*, No. 05-4182 and consolidated cases (E.D. La. filed Aug. 23, 2011).

On July 24, 2017, Plaintiff's attorney Craig Sanders initiated an interpleader action in New York state court to resolve competing claims to the legal fee from resolution of the underlying litigation. *See* Rec. Doc. 407-12 at 4-12. Both movants are named as defendants in the interpleader action. *See id.* at 7-8. Seymour moved to dismiss the action for lack of personal jurisdiction, but his motion was denied; the New York state court concluded that it has *in rem* jurisdiction. *See* Rec. Doc. 420. The state court ordered that the legal fee be deposited with the state court. *See id.*

**LAW AND ANALYSIS**

Federal Rule of Civil Procedure 24 provides two avenues for intervention. The first is mandatory and applies when a movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). The second is permissive and applies when a movant has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Regardless of which avenue a movant pursues, a motion to intervene must be timely. *See* Fed. R. Civ. P. 24.

A court determines the timeliness of a motion to intervene by weighing four factors:

> (1) [t]he length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Sommers v. Bank of America*, 835 F.3d 509, 512-13 (5th Cir. 2016). Here, the factors indicate that the motions to intervene were untimely.

When assessing the first factor, "[w]hat matters is not when [movants] knew or should have known that [their] interests would be adversely affected, but, instead, when [they] knew that [they] had an interest in the case." *Sommers*, 835 F.3d at 513. Movants have known about their attorney charging liens for years—Sanders withdrew from the underlying litigation in 2014 and Seymour withdrew from the related litigation in 2011. Rec. Doc. 111; Rec. Doc. 20400, *In Re: Katrina Canal Breaches Consol. Litig.*, No. 05-4182 and consolidated cases (E.D. La. filed Aug. 23, 2011). Movants waited to intervene until after the parties reached settlement, the case was dismissed without prejudice, and the parties stipulated to dismissal with prejudice. This delay sets movants

4

apart from attorneys who have successfully intervened under Rule 24(a) by acting promptly after being removed from their respective cases. *See, e.g.*, *Valley Ranch Dev. Co. v. FDIC*, 960 F.2d 550, 556 (5th Cir. 1992); *Keith v. St. George Packing Co.*, 806 F.2d 525, 525-26 (5th Cir. 1986); *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52, 53-54 (5th Cir. 1970).

The second factor turns on whether movant's delay in seeking to intervene prejudices the existing parties. *See Stallworth v. Monsanto Co.*, 558 F.2d 257, 265 (5th Cir. 1977). Years of active litigation and trial preparation elapsed between when movants learned of their interests in the litigation and when movants sought to intervene. During that intervening time, and especially when negotiating settlement of the case, the existing parties operated under a certain understanding about who had a claim to the legal fee. Allowing intervention at this late stage would cause duplication of these efforts, which is prejudicial to the existing parties. *See Engra, Inc. v. Gabel*, 958 F.2d 643, 645 (5th Cir. 1992).

The third factor also weighs against finding that the motions were timely because movants will not suffer prejudice if they cannot intervene. As movants repeatedly acknowledge in their briefing, they can litigate their attorney charging liens in other fora. *See* Rec. Docs. 407-15 at 9, 409-1 at 8. In fact, an interpleader action has already been initiated in New York state

5

court to adjudicate competing claims to the legal fee from the underlying litigation.[4] *See* Rec. Doc. 407-12 at 4-12. That movants would prefer to resolve the attorney charging liens by intervening in this case is not sufficient to warrant intervention. *See Sommers*, 835 F.3d at 513; *Engra*, 958 F.2d at 645.

Finally, the fact that movants waited until after the case was dismissed with prejudice "is a factor weighing against timeliness." *Sommers*, 835 F.3d at 513. Because the motions to intervene were untimely, movants cannot intervene under Rule 24.

New Orleans, Louisiana, this 5th day of December, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] Even if movants ultimately prevail on their argument that the New York state court lacks personal jurisdiction over them, movants understand that the competing claims to the legal fee from this case could be adjudicated in a federal interpleader action. *See* Rec. Docs. 407-15 at 9, 409-1 at 8.